IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MANE USA, INC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.:10-180-LPS-MPT |
| ALISON LEIGH, LLC, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

**I.    Introduction**

The court now considers plaintiff's motion for recovery of attorneys' fees and costs.  For the reasons that follow, the court recommends plaintiff's motion be granted.

**II.   Background**

On March 5, 2010, plaintiff Mane USA, Inc. ("Mane") filed a complaint against defendant, Alison Leigh, LLC ("Alison Leigh") for recovery upon a note, breach of contract and unjust enrichment.[1]  The complaint alleges that on May 30, 2008, Mane loaned and advanced, through a promissory note, $350,000.00 to Alison Leigh,[2] who agreed to pay Mane the original principal amount and any accrued interest.[3]  On March 25, 2010, an affidavit of service for summons and complaint was served on Alison

---

[1] D.I. 1.
[2] *Id.*
[3] *Id.*

Leigh.[4]  On May 14, 2010, Mane filed a motion for default judgment against Alison Leigh since it failed to answer or otherwise respond to the complaint.[5]  On May 26, 2010, the Clerk's Entry of Default was entered.[6]  On June 10, 2010, the Deputy Clerk entered a default judgment against Alison Leigh, ordering the payment of $350,000.00, $24,454.16 for accrued interest, accruing pre-judgment interest, post-judgment interest, costs and reasonable attorney's fees.[7]  On June 24, 2010, Mane filed a motion for recovery of attorneys' fees and costs requesting $17,640.00 in attorneys' fees, $1,095.86 in costs, and to "recover any future attorneys' fees and costs . . . and for such other and further relief that is just and proper."[8]

## III. Discussion

The motion for recovery of attorneys' fees and costs, to be granted, must satisfy both relevant substantive and procedural requirements.  Procedurally, Mane's motion for recovery of attorneys' fees and costs must comply with Fed. R. Civ. P. 54(d).  Furthermore, the entry of default judgment by the deputy clerk must comply with Fed. R. Civ. P. 55.

Subsequent to receiving a default judgment in its favor, Mane filed the present motion under Fed. R. Civ. P. 54(d).  Rule 54(d) is the applicable rule, and sets out the requirements which must be followed in order to recover attorneys' fees and costs.  Rule 54(d)(2) specifically elaborates on the procedure:

---

[4] D.I. 6.
[5] D.I. 7.
[6] D.I. 8.
[7] D.I. 9.
[8] D.I. 10.

>(A) Claim to be made by motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.[9]

Mane has satisfied all requirements under Rule 54(d) which relate to the issue of recovery of $17,640.00 for attorneys' fees and costs of $1,095.86. In satisfying Rule 54(d)(2)(A), Mane filed its claim by motion, specifically the motion for recovery of attorneys' fees and costs.[10] Consistent with Rule 54(d)(2)(B)(i), it filed that motion in a timely manner.[11] Mane refers to appropriate sources which provide justification for the award, thereby satisfying Rule 54(d)(2)(B)(ii).[12] It also meets the requirements of Rule 54(d)(2)(B)(iii), by providing the specific amounts sought from Alison Leigh.[13] In satisfying Rule 54(d)(2)(B)(iv), Mane discloses the promissory note outlining the terms of the agreement between the parties.[14]

Additionally, the default judgment entered by the court is valid. Fed. R. Civ. P.

---

[9] Fed. R. Civ. P. 54(d)(2).
[10] D.I. 10.
[11] D.I. 9, 10 (The entry of default judgment is dated June 10, 2010 and the motion for recovery of attorneys' fees and costs was filed on June 24, 2010: therefore, the motion was filed within 14 days of entry default judgment.).
[12] D.I. 10, Ex. 1., ¶ 2(b) (the promissory note, which provides that "borrower agrees to pay all costs, charges and expenses, including reasonable attorneys' fees incurred by the Creditor in enforcing the note."); *id.* Ex. 2 (default judgment in favor of Mane which specifies that Alison Leigh is liable for "costs, and reasonable attorneys' fees."); *id.* Ex. 3 (affidavit in support of attorneys' fees and costs).
[13] D.I. 10, ¶ 7 (Mane's present motion under consideration).
[14] D.I. 10, Ex.1.


55(b)(i) explains the procedure and requirements for the entry of a default judgment by a clerk:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing who is neither a minor nor incompetent person.

The default judgement in this case was entered by a deputy clerk of the court. Mane has made a claim for sums certain which can be computed.[15] Additionally, an affidavit supporting the amounts due has been filed.[16] Therefore, the requirements under Rule 55 have been satisfied with respect to the demand for attorneys' fees of $17,640.00 and costs in the amount of $1,095.86.

Beyond the procedural requirements, a plaintiff must prove that there is a substantive basis for the recovery of attorneys' fees and costs. Under the American Rule, "attorneys' fees are not ordinarily recoverable"[17] However, there are exceptions to the rule: one such exception is the contractual exception. If the contract between the parties provide for payment of attorneys' fees, then reimbursement of attorneys' fees is permitted.[18] Here, the promissory note outlining the details of the loan to Alison Leigh contains a provision authorizing such recovery. Therefore, since Mane meets the exception and has shown that a provision in the promissory note allows recovery of attorneys' fees and costs on the enforcement of the note, it has met the substantive

---

[15] D.I. 10, ¶ 7.
[16] D.I. 10, Ex. 3.
[17] *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1950) (quoting *Fleischmann Distill. Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)).
[18] *Id* at 257.

requirement to recoup such expenses.

In addition to the stated numerical amounts, Mane also requests compensation for any future attorneys' fees and costs. Once incurred, Mane may request recovery of any future attorneys' fees and costs associated with enforcing the promissory note.

### IV. Conclusion

A final judgment is recommended in favor of Mane and against Alison Leigh for attorneys' fees of $17,640.00 and costs of $1,095.86.

### ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, I recommend that:

1. Plaintiff Mane USA, Inc.'s motion for attorneys' fees and costs (D.I. 10) be GRANTED.

2. Judgment be entered in favor of plaintiff, Mane USA, Inc. in the amount of $17,640.00 in attorneys' fees and $1,095.86 in costs incurred as of June 23, 2010, against defendant Alison Leigh, with leave for Mane to file a petition or motion for any additional fees and costs incurred for enforcement of the default judgment and the judgment for attorneys' fees and costs.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.Del.LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and response to the objections are limited to ten (10) pages each.

The parties are directed to the court's standing Order in Non Pro Se matters for Objections Filed under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is

available on the court's website, www.ded.uscourts.gov.

Dated: September 16, 2010         /s/ Mary Pat Thynge
                                  UNITED STATES MAGISTRATE JUDGE